823 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
G. J. ELDRIDGE; Allen R. Adkins; R. C. Allison; Douglas
Arwood Altizer; T. C. Anders; N. C. Anderson; Kelly Eugene
Andrews, Jr.; James E. Asburg; B. J. Atwood; F. M. Baker; W.
Dennis Barker; J. C. Barton; Andrew Allen Beck; Paul Dean
Berry; F. M. Blevins; Tony J. Bolling; Peggy C. Bond; S. A.
Boone; David V. Bowen; Garry Boyette; James S. Blevins;
Charles W. Bralley; Frances Breeding; Gary L. Breeding; D.
E. Brooks; D. R. Brooks; Dennis H. Brown; Larry K. Brown; J.
B. Buchanan; David A. Campbell; Robert H. Campbell; Joan U.
Chandler; Jo Ann Chase; H. D. Church; Renita M. Clemons; N.
Brooks Coleman; Kay Counts; Gary S. Cox; James E. Cox, Jr.;
Lena C. Crockett; Robert F. Cruise; W. E. Dalton; B. K.
Davidson; James P. Davidson; D. F. Dean; N. W. Dowdy; C. D.
Dye; Anthony P. Edwards; Dan W. Edwards; L. W. Falls; W. W.
Farris; D. B. Fields; Mildred J. Fisher; D. J. Fowler;
Jessie G. Gravley; James R. Haga; David Blaer Hale; Clarence
Austin Hall; Gary W. Hall; T. W. Hall; W. W. Hall; Gary L.
Harless; D. G. Helton; F. L. Hensley; J. M. Hines; K. C.
Hill; R. L. Hughes; Gary Stephen Hull; T. D. Hutton; M. D.
Jennings; D. J. Johnson; E. D. Johnson; Sandra V. Jones; R.
C. Keesee; Mary Ruth Kincer; Donald R. Lambert; L. E.
Lambert; J. L. Larkey; W. W. Lester; M. W. Lindamood; Billi
Wayne Livesay; Ernest Freemond Loomis; R. W. Lowe; M. A.
Lunsford; R. L. Marcus; Earnest Erwin Markham; J. L. Martin;
G. S. Matney; Grover J. McKenzie; L. R. McPeak; Joe D.
Mitchell; Donald Ray Mosier; Charles A. Murray; Fred Patton
Newman; Betty R. Nuckols; R. D. Oakes; Donald Wayne Orfield;
Archie Wayne Orr; Roy A Owens; Walter F. Parker; Jeffrey S.
Patton; Charles K. Pope; J. E. Porter, Jr., E. W. Quillon;
R. H. Rambo; Bobby G. Ratliff; John B. Ratliff; Raymond
James Redmond; Thomas M. Richardson; T. J. Roseberry, II;
Larry Allen Ruley; Michael L. Sargent; McCarty F. Shannon;
David Allen Shaver; Billie P. Sheets; H. D. Shupe; G. N.
Smith; J. C. Smythers; Michael Dean Spangler; R. W. Steele;
Willie A. Stephens; Mark W. Sutherland; Joseph Edward
Thomas; Roger D. Thomas; J. H. Thornburg, Jr.; L. F. Warden;
Carlton M. White; Jimmy Douglas Widener; Joseph Brian
Williams; J. M. Worley; R. L. Young; L. E. Younger; George
A. Farthing, Jr.; James Charles Harmon; James Donald Koger;
Joseph H. Wheatley, Jr., Plaintiffs-Appellants,
v.
Ronald A. BOUCHARD; Jerry Williamson; Charles S. Robb;
Edward J. Mazur, Defendants-Appellees.
 No. 86-3155
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
 Decided June 26, 1987.
 
 James R. Henderson, IV (Mullins & Henderson, P.C.; Robert M. Galumbeck; Dudley, Galumbeck & Simmons, on brief), for appellants.
 Guy Winston Horsley, Jr., Senior Assistant Attorney General (Mary Sue Terry, Attorney General of Virginia; Malcolm Rudolph West, Assistant Attorney General; Gail Starling Marshall, Deputy Attorney General, on brief), for appellees.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs, a group of present and former members of the Virginia State Police ('VSP') assigned to division four which covers much of Southwestern Virginia, are appealing the district court's Order dismissing their action against the defendants, officials and administrators of the VSP and Commonwealth of Virginia. The plaintiffs brought suit against the defendants in 1985 alleging a cause of action under 42 U.S.C. Secs. 1983, 1985 and 1988 on the theory that the defendants, by improperly administering the state's salary differential program, violated the plaintiffs' Equal Protection and Due Process rights under the fourteenth amendment.
 
 
 2
 The differential program stems from two Senate Joint Resolutions passed by the Virginia General Assembly in 1974 in which the General Assembly recognized the need to pay state employees salaries competitive with those offered by private employers of similar services and authorized annual statewide surveys of private sector employees to determine appropriate base salaries and differential levels. Since 1974 the only division within the VSP to receive a salary differential has been the seventh division which covers Northern Virginia. The plaintiffs contend that the defendants have failed to properly administer the program because the defendants have excluded Northern Virginia from the annual statewide surveys and have based district seven's differential on independent surveys of Northern Virginia that cover public as well as private sector salaries. They claim that the defendants have violated their Equal Protection and Due Process rights by refusing to conduct independent surveys of Southwestern Virginia and by skewing the annual surveys so as to increase the salaries of VSP employees in Northern Virginia while diminishing the base salaries of VSP employees in the rest of the state.
 
 
 3
 The district court, finding no violation of a fundamental right to travel as alleged by the plaintiffs, scrutinized the differential program and the defendants' administrative actions under the rational relation test and determined that because the defendants' administration of the program was rationally related to a legitimate state interest in retaining competent employees, the defendants had not violated the Equal Protection rights of the plaintiffs. The court also rejected the plaintiffs' Due Process claim, finding that they had not been deprived of a legitimate entitlement. We agree with the district court that the plaintiffs have failed to prove a violation of the Constitution or laws of the United States. Accordingly, the judgment of the district court is hereby affirmed on its opinion.
 
 
 4
 AFFIRMED.